AO 245B (Rev. 12/03) Judgment in a Criminal Case:  Sheet 1

# United States District Court
## SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**JOSEPH D. JOHNSON**<br>a/k/a Joseph Delano Johnson | **JUDGMENT IN A CRIMINAL CASE**<br><br>CASE NUMBER: **1:05-CR-00050-001**<br>USM NUMBER: **08939-003**<br><br> K. Lyn Hillman, Esquire<br>**Defendant's Attorney** |

**THE DEFENDANT:**

(X)  pleaded guilty to count  1 of the Indictment on 3/21/2005  .

( )  pleaded nolo contendere to count(s) __ which was accepted by the court.

( )  was found guilty on count(s) __ after a plea of not guilty.

The defendant is adjudicated guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count No.(s) |
|---|---|---|---|
| 18 USC § 641 | Theft of public money. | 8/29/2003 | 1 |

     The defendant is sentenced as provided in pages 2 through  4   of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

( )  The defendant has been found not guilty on count(s) _____.

(X)  Counts 2,3 & 4  are dismissed on the motion of the United States.

     IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and the United States attorney of any material change in the defendant's economic circumstances.

 

June 22, 2005  
 Date of Imposition of Judgment

/s/ Callie V. S. Granade  
CHIEF UNITED STATES DISTRICT JUDGE

June 22, 2005  
Date

AO 245B (Rev. 12/03) Judgment in a Criminal Case: Sheet 4 - Probation

**Defendant:** JOSEPH D. JOHNSON, a/k/a Joseph Delano Johnson
**Case Number:** 1:05-CR-00050-001

# PROBATION

**The defendant is hereby placed on probation for a term of** 5 years as to Count 1 of the Indictment

SPECIAL CONDITIONS: (see attachment)

*For offenses committed on or after September 13, 1994:*

      **The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as directed by the probation** officer.

( )    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable)

( )    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable)

( )    The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

(X)    The defendant shall not possess a firearm , destructive device, or any other dangerous weapon. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

**The defendant shall not commit another federal, state or local crime.**
**The defendant shall not illegally possess a controlled substance.**
**The defendant shall comply with the standard conditions that have been adopted by this court (as set forth below).**
**The defendant shall also comply with the additional conditions on the attached page (if applicable).**

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the prob. officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training,or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the prob. officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14) the defendant shall cooperate, as directed by the probation officer, in the collection of DNA, if applicable, under the provisions of 18 U.S.C. §§ 3563(a)(9) and 3583(d) for those defendants convicted of qualifying offenses.

AO 245B (Rev. 12/03) Judgment in a Criminal Case: Sheet 5, Part A - Criminal Monetary Penalties

Defendant: **JOSEPH D. JOHNSON, a/k/a Joseph Delano Johnson**
Case Number: **1:05-CR-00050-001**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $100.00 | $ | $32,107.00 |

( ) The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such a determination.

(X) The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. **(or see attached)**
However, pursuant to 18 U.S.C. § 3644(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name(s) and Address(es) of Payee(s)** | ***Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or % of Payment** |
|---|---|---|---|
| Veterans Administration<br>Attn: Rose Johnson, VA Claim No. 2645077<br>Bishop Henry Whipple Federal Building<br>P.O. Box 1193,<br>St. Paul, MN  55111 |  | $32,107.00 |  |
| **TOTALS:** | $ | **$32,107.00** |  |

(X) If applicable, restitution amount ordered pursuant to plea agreement. **$32,107.00**

( ) The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default, pursuant to 18 U.S.C. § 3612(g).

(X) The court determined that the defendant does not have the ability to pay interest and penalties, and it is ordered that:

    (X) The interest and penalty requirements are waived for the ( ) fine and/or (X) restitution.
    ( ) The interest requirement for the ( ) fine and/or ( ) restitution is modified as follows:

* **Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.**

AO 245B (Rev. 12/03) Judgment in a Criminal Case:  Sheet 5,  Part B - Schedule of Payments

Defendant: **JOSEPH D. JOHNSON, a/k/a Joseph Delano Johnson**
Case Number: **1:05-CR-00050-001**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**  (X) Lump sum payment of $ __32,207.00__ due immediately, balance due

  ( ) not later than _____ , or  (X) in accordance with ( ) C, ( ) D, ( ) E or (X) F below; or

**B**  ( ) Payment to begin immediately (may be combined with ( ) C, ( ) D, ( ) E or ( ) F below); or

**C**  ( ) Payment in ____ (e.g., equal, weekly, monthly, quarterly) installments of $ ____ over a period of ____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment;  or

**D**  ( ) Payment in ____ (e.g., equal, weekly, monthly, quarterly) installments of $ ____ over a period of ____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ( ) Payment during the term of supervised release will commence within ____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to ay at that time; or

**F**  (X) Special instructions regarding the payment of criminal monetary penalties: Restitution is due immediately and payable in full, and is to be paid through the Clerk, U.S. District Court. If full restitution is not immediately paid, as a special condition of probation, the Probation Office shall pursue collection of any balance in installments to commence no later than 30 days after date of sentencing. If restitution is to be paid in installments, the court orders that the defendant make at least minimum monthly payments in the amount of $50.00. The defendant is ordered to notify the Court of any material change in his ability to pay restitution. The Probation Office shall request the Court to amend any payment schedule, if appropriate, and interest and penalties shall not accrue on this indebtedness.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

  ( )  **Joint** and Several:

  ( )  The defendant shall pay the cost of prosecution.

  ( )  The defendant shall pay the following court cost(s):

  ( )  The defendant shall **forfeit** the defendant's interest in the following property to the United States:

**Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest, (4) fine principal; (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.**

Judgment in a Criminal Case: Sheet 3 Continued - Supervised Release

Defendant: **JOSEPH D. JOHNSON, a/k/a Joseph Delano Johnson**  Judgment - Page 3A
Case Number: **1:05-CR-00050-001**

## SPECIAL CONDITIONS OF SUPERVISION

**1) The defendant is prohibited from making major purchases, incurring new credit charges, or opening additional lines of credit without approval of the Probation Officer, until such time as the financial obligations imposed by this court have been satisfied in full;**

**2) The defendant shall provide the Probation Office access to any requested financial information;**

**3) The defendant shall participate in the Home Confinement Program for a period of 180 consecutive days, without electronic monitoring or other location verification system. During this time, the defendant shall remain at his place of residence at all times and shall not leave except when such leave is approved in advance by the Probation Office. The defendant shall maintain a telephone at his place of residence without "call forwarding," a modem, "caller ID," "call waiting," or portable cordless telephones for the above period; and**
**4) The defendant shall make restitution as set forth on Sheets 5, Part A & 5, Part B of this Judgment.**